# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STI OILFIELD SERVICES, INC., | CASE NO. 3:13-cv-02923-RDM |
| Plaintiff, | HONORABLE ROBERT D. MARIANI, D.J. |
| vs. | |
| ACCESS MIDSTREAM PARTNERS, L.P., APPALACHIA MIDSTREAM SERVICES, L.L.C., CHESAPEAKE OPERATING, INC., and CHESAPEAKE ENERGY CORPORATION, | *ELECTRONICALLY FILED* |
| Defendants. | |

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, the parties to this Stipulated Confidentiality Order ("Order"), Plaintiff STI Oilfield Services, Inc., Defendant Access Midstream Partners, L.P., Defendant Appalachia Midstream Services, L.L.C., Chesapeak Operating, Inc. and Defendant Chesapeake Energy Corporation (collectively "the Parties" or "Party"), by and through their undersigned counsel, have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, the following is ORDERED:

1.    **Scope**

All documents or electronically-stored information ("ESI") produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials that may be subject to or produced in discovery in this lawsuit  (as well as the information contained within all such documents, ESI, discovery responses, deposition testimony, deposition exhibits, or other materials produced in discovery) (hereinafter collectively

referred to as "Information") shall be subject to this Order concerning confidential information as set forth below.

2.     **Form and Timing of Designation**

Confidential Information contained in document form shall be so designated by placing or affixing the word "Confidential" on the document in a manner which will not interfere with the legibility of the document.   Any other conveyance of confidential Information shall be accompanied by a statement that the Information is Confidential.   Information shall be designated Confidential prior to, or contemporaneously with, the production, disclosure or conveyance of the Information.   Inadvertent or unintentional production of Information without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate Information as Confidential as otherwise allowed by this Order.

3.     **Information Which May be Designated Confidential**

Any Party or nonparty producing Information may designate Information as Confidential after review of the Information by an attorney who has, in good faith, determined that the Information contains (1) information protected from disclosure by statute, (2) sensitive personal information (of any Party or nonparty), (3) trade secrets (of any Party or nonparty), (4) confidential research, development, or commercial information (of any Party or nonparty), or (5) information which the Party is concerned may contain information identified in items 1-4 above and there is an expedited need to produce the Information, which can be evaluated after the initial production for their confidentiality. Information that is readily available in the public sector or public domain may not be designated as Confidential.

4.     **Protection of Confidential Material**

a.     <u>General Protections</u>

Information designated Confidential under this Order by one Party shall not be used or disclosed by any other Party for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.     <u>Limited Third-Party Disclosures</u>

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Information designated Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1) – (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it.  The Parties and counsel for the Parties are expressly subject to this Order, and are therefore excluded from the requirement of signing Attachment A before reviewing Information designated as Confidential.  A copy of Attachment A executed by a person within one of the categories set forth in subparagraphs (1) – (5) below must be provided to all other Parties no later than ten (10) days after it is executed.  With respect to persons that fall within the category set forth in subparagraph (4) below, a copy of  Attachment A executed by the person must be provided to all Parties at least ten (10) days **before** confidential Information is disclosed to the person. Subject to these requirements, the following categories of persons may be allowed to review Information that has been designated Confidential pursuant to this Order:

    (1)    Counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    Parties and employees of a Party to this Order but only to the extent that the specifically named individual Party or employee's assistance is

necessary to the conduct of the litigation in which the Information is disclosed;

(3)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of reproducing or making photocopies of Information for the purpose of this lawsuit;

(4)     Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation of trial of this lawsuit (such individuals must not be in a business competitive with the business of the Party that produced the confidential Information); and,

(5)     Third party fact witnesses that have knowledge or information relevant to the claims or defenses in this lawsuit to the extent necessary to prepare for litigation of this lawsuit.

c.     <u>Control of Information</u>

Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of Information designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents/information along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.     <u>Copies</u>

All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Information designated as Confidential under this Order or any portion of such a Information, shall be immediately affixed with the designation "Confidential" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

5.     **Filing of Confidential Materials**

In the event a Party seeks to file any Information that is subject to protection under this Order with this Court, that Party shall take appropriate action to insure that the Information receives proper protection from public disclosure including: (1) filing a redacted document designated Confidential with the consent of the Party or nonparty who designated the document as Confidential; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents designated Confidential solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document designated Confidential under seal.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Information designated as Confidential to the Court shall first consult with counsel for the Party or nonparty who designated the Information as Confidential to determine if some measure less restrictive than filing the Confidential document under seal may serve to provide adequate protection.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any documents to be filed under seal.  The Parties understand that documents may be filed under seal only with the permission of the Court after proper motion.

6.      **Greater Protection of Specific Documents**

a.      Attorneys' Eyes Only Information

Notwithstanding the above, each producing Party and nonparty shall retain the right to seek to limit the disclosure of certain confidential Information to the individuals identified in Paragraph 4(b)(1) above prior to trial of this action and, to the extent practicable, through trial ("Attorneys' Eyes Only").  Any Party or nonparty producing Information may designate Information as Attorneys' Eyes Only after review of the Information by an attorney who has, in good faith, determined that the Information contains information so sensitive as to create concern

that disclosure to those other than attorneys could cause damage to the producing party and includes (1) information protected from disclosure by statute, (2) sensitive personal information (of any Party or nonparty), (3) trade secrets (of any Party or nonparty), (4) confidential research, development, or commercial information (of any Party or nonparty), or (5) information which the Party is concerned may contain information identified in items 1-4 above and there is an expedited need to produce the documents, which can be evaluated after the initial production. By way of example, the kind of information anticipated to be included as Attorneys' Eyes Only is as follows:

    (1)    customer-specific information related to actual or potential customers, including but not limited to any list of customers;

    (2)    information related to proprietary software created or owned by the producing Party or its subsidiaries or affiliates;

    (3)    information related to marketing plans and business strategy;

    (4)    information related to customer pricing; and,

    (5)    information related to a Party or nonparty's profits, losses, income, or other sensitive, financial information.

Attorneys' Eyes Only documents shall be so designated by placing or affixing the words "Attorneys' Eyes Only" on the document in a manner which will not interfere with the legibility of the document. Any other conveyance of Information, such as ESI, shall be accompanied by a statement that the Information is confidential, deemed to by Attorneys' Eyes Only and is to be shared only with counsel for the opposing Party. Information shall be designated Attorneys' Eyes Only prior to, or contemporaneously with, the production or disclosure of the Information. Inadvertent or unintentional production of Information without prior designation as Attorneys' Eyes Only shall not be deemed a waiver, in whole or in part, of the right to designate Information as Attorneys' Eyes Only as otherwise allowed by this Order.

The Party receiving such Information is not in violation of this Order for failing to comply with Paragrah 6 if the Information produced is not properly and conspicuously marked as Attorneys' Eyes Only, or if written notice of the designation of Attorneys' Eyes Only is not timely provided with respect to Information not conveyed or disclosed in document form.  In the event any of the Information designated Attorneys' Eyes Only needs to be provided to the Court, the Information shall be provided for *in camera* review or by filing under seal, consistent with the purpose and intent of this paragraph.   Additional limitiations on the use of documents designated Confidential, as set forth in Paragraph 4 herein, shall apply to documents designated Attorneys' Eyes Only, except the documents designated Attorneys' Eyes Only shall only be shared with counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit, or with an expert of any of the Parties (who is not in a business competitive with the Party or nonparty producing the Attorneys' Eyes Only Information) that executes Attachment A of this Order (Acknowledgment of Understanding and Agreement To Be Bound) and who, after furnishing the executed Attachment A to the opposing party in accordance with the requirements of Paragraph 4(b), may review and use such Informationonly for the purpose of preparing an opinion to be offered at a hearing or trial in this lawsuit.

   7.      **Depositions**

Portions of depositions shall be treated as Confidential or Attorneys' Eyes Only if designated as such when the deposition is taken or within ten (10) business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.

   8.      **Challenges to Designation as Confidential or Attorneys' Eyes Only**

Any Confidential or Attorneys' Eyes Only designation is subject to challenge.  The following procedures shall apply to any such challenge.

a.    <u>Burden of Proof</u>

The burden of proving the necessity of a Confidential or Attorneys' Eyes Only designation remains with the Party or nonparty asserting confidentiality.

b.    <u>Written Notice of Challenge</u>

A Party who contends that Information designated Confidential or Attorneys' Eyes Only is not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge.  The Parties and any producing nonparty shall then have five (5) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention.  If not, the Party challenging the designation may move for a Court Order overturning the Confidential or Attorneys' Eyes Only designation.

c.    <u>Treatment of Information Pending Challenge Determination</u>

Notwithstanding any challenge to the designation of Information as Confidential or Attorneys' Eyes Only, all material previously designated Confidential or Attorneys' Eyes Only shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)    the Party or nonparty who claims that the Information is confidential withdraws such designation in writing; or

(2)    the Court rules that the Information should no longer be designated as Confidential or Attorneys' Eyes Only.

d.    <u>No Waiver of Right to Challenge</u>

Challenges to the designation of Information may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.      **Inadvertent Failure to Designate**

In the event any Party discovers it has inadvertently produced Confidential or Attorneys Eyes Only material that has not been so designated, it may designate the Information as Confidential or Attorneys Eyes Only by subsequent notice in writing specifically identifying the Information and furnishing the correct designation, in which event the parties shall henceforth treat such Information as provided in this Order.

10.      **Inadvertent Production of Privileged Material**

The Parties recognize that inadvertent production of privileged documents can occur. The inadvertent production of documents that constitute or contain attorney-client privileged information, attorney work product or trial preparation materials (hereinafter "Privileged Material") shall not waive any claim of privilege, provided that the producing Party undertakes a reasonable privilege review prior to document production.  The receiving Party shall promptly notify the producing Party upon the receipt of a document that appears to contain Privileged Material. Upon notice that a document containing Privileged Material has been produced, the producing Party shall immediately notify the receiving Party of the claim of privilege and the basis supporting that claim.  Upon such notification, the receiving Party shall return, sequester or destroy the produced document until the claim has been resolved. To the extent that the document containing Privileged Material has already been used or described in other documents generated or maintained by the receiving party, the receiving Party shall take immediate steps to retrieve and sequester such documents until the privilege claim has been resolved. If the receiving Party disclosed the information contained in the Privileged Material before being notified of its inadvertent production, the receiving Party shall take reasonable steps to retrieve that information until the privilege claim has been resolved. Within seven (7) days after receipt

of notice that Privileged Material has been produced, the receiving Party shall either return the Privileged Material and all copies thereof, or serve the producing Party with any written objection to the claim of privilege and the grounds for that objection. Within seven (7) days of receiving a written objection to the claim of privilege, the producing Party may submit the Privileged Material to the Court for an *in camera* determination of the privilege claim. The producing Party may request to submit the Privileged Material to the Court under seal.

     11.    **Treatment on Conclusion of Litigation**

          a.    <u>Order Remains in Effect</u>

All provisions of this Order restricting the use of Information designated Confidential or Attorneys' Eyes Only shall continue to be binding after the conclusion of the litigation unless otherwise agreed.

          b.    <u>Return of Information</u>

Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Information treated as Confidential or Attorneys' Eyes Only under this Order, including copies as defined above (¶4d) shall be returned to the producing Party or nonparty unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties and any producing nonparty stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving Party, the Party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to Information designated Confidential or Attorneys' Eyes Only so long as that work product does not duplicate verbatim substantial portions of the text of the Information. This work product continues to be protected under the terms of this Order.

12.     **Purpose and Intent of Order**

This Order is entered solely for the purpose of facilitating the exchange of Information between the Parties without involving the Court unnecessarily in the process. The restrictions set forth in this Order shall not (a) prejudice in any way the right of any Party to object on any basis to the production of Information it considers not subject to discovery; (b) prejudice in any way the right of any Party to seek a determination from the Court as to whether particular Information shall be produced; or (c) be construed to require any Party to produce Information that it considers privileged or otherwise not subject to discovery.

13.     **Order Subject to Modification**

This Order shall be subject to modification on motion of any Party.  The Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

14.     This Order shall take effect upon the execution of all Parties.

**IT IS SO ORDERED.**

Dated _____, 2014        _____
                                          Robert D. Mariani, District Judge

Submitted and stipulated by:


BABST, CALLAND, CLEMENTS
AND ZOMNIR, P.C.


Dated:  August 15, 2014                    By:     /s/ James D. Miller
                                                   David E. White, Esq.
                                                   Pa. I.D. No. 59659
                                                   James D. Miller, Esq.
                                                   Pa. I.D. No. 209679
                                                   Two Gateway Center, 8th Floor
                                                   Pittsburgh, PA  15222
                                                   (412) 394-5400
                                                   dwhite@babstcalland.com
                                                   jmiller@babstcalland.com
                                                   *Counsel for All Defendants*

ROSENN, JENKINS & GREENWALD, LLP


Dated:  August 15, 2014      By:    /s/ Thomas J. Campenni

                                         Robert d. Schaub, Esquire
                                         PA I.D. No. 42466
                                         Howard M. Levinson, Esquire
                                         PA I.D. No. 19200
                                         Thomas J. Campenni, Esquire
                                         PA I.D. No. 87809
                                         15 South Franklin Street
                                         Wilkes-Barre, PA  18711-0075
                                         Phone: (570) 826-5652
                                         Fax: (570) 706-3437
                                         rschaub@rjglaw.com
                                         hlevinson@rjglaw.com
                                         tcampenni@rjglaw.com
                                         *Counsel for Plaintiff, STI Oilfield Services, Inc.*

{B1643087.3}

761631.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STI OILFIELD SERVICES, INC. | CASE NO. 3:13-cv-02923-RDM |
| Plaintiff, | HONORABLE ROBERT D. MARIANI, D.J. |
| vs. | |
| ACCESS MIDSTREAM PARTNERS, L.P., APPALACHIA MIDSTREAM SERVICES, L.L.C., CHESAPEAKE OPERATING, INC., and CHESAPEAKE ENGERY CORPORATION, | *ELECTRONICALLY FILED* |
| Defendants. | |

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he or she has read the Stipulated Confidentiality Order in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Pennsylvania in matters relating to disputes about the meaning or enforceability of the Stipulated Confidentiality Order and understands that the terms of said Order obligate he or she to use discovery materials designated Confidential or Attorneys' Eyes Only solely for the purposes of the above-captioned action, and not to disclose any such confidential Information to any other person, firm, entity or concern. The undersigned further acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of Court.

Date:_____        _____

**ATTACHMENT A**

761631.1{B1643087.3}

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **Stipulated Confidentiality Order** was served this 15th day of August, 2014, on all parties of record via this Court's ECF Filing System.


                        /s/ James D. Miller